**Below is an order of the Court.**

*[signature]*
**U.S. Bankruptcy Judge**

ESCDO (4/14/17) dcm

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

| | | |
|---|---|---|
| In re<br>**William Ronald Cooper**<br>　　　　Debtor(s) | ) ) ) ) | Case No. 18–63292–tmr7 |
| **Candace Amborn, Trustee**<br>　　　　Plaintiff(s) | ) ) ) ) | Adv. Proc. No. 19–06011–tmr |
| v.<br>**William Ronald Cooper**<br>　**et al.**<br>　　　　Defendant(s) | ) ) ) ) ) ) | SCHEDULING AND<br>DISCOVERY ORDER |

Defendant(s) having appeared, it is now **ORDERED**:

1. Within 21 days of this order the parties may elect to:

   a. Submit a stipulated scheduling and discovery order specifying deadlines for: joinder of parties, amendments to pleadings, completion of discovery, pretrial motions, exchange of documents and names of witnesses that each party will rely upon as evidence in their case in chief, and submission of the pretrial order (or request the pretrial order be waived), **together with** the parties' joint estimate of the length of time for the trial; or

   b. If the parties are unable to agree on a scheduling order, request a conference with the Court. A conference will be scheduled at the request of any party.

2. Any party may file a motion requesting that the Proceeding be referred to mediation.

3. If the parties do not submit a stipulated order or request a conference, the following schedule shall apply:

   a. Discovery shall be closed 70 days after the date of this order.

   b. Joinder of parties, and/or amendment of pleadings shall be completed within 84 days of the date of this order.

   c. All preliminary motions shall be filed within 84 days of the date of this order. See LBR 7056–1 regarding Motions for Summary Judgment.

d. The parties shall exchange copies of any documents that they will seek to introduce as evidence in their case in chief and list of names of any witnesses that they intend to have testify in their case in chief within 84 days of the date of this order. Documents not so exchanged shall not be received into evidence and any witnesses whose names are not so exchanged shall not be allowed to testify, except for good cause shown or solely for the purpose of impeachment.

e. Plaintiffs shall mark their exhibits with numbers, defendants shall mark their exhibits with letters A–B–C. (If there are multiple parties or numerous exhibits, contact the Judicial Assistant at 541–431–4050 for number assignments.) Each party shall prepare a list of their exhibits, and file an original of the list within 84 days of the date of this order. One copy of all exhibits (except impeachment exhibits) and a list of those exhibits shall also be served on each of the other parties. Additionally, three copies of all exhibits must be presented at the time of trial. Exhibits exceeding ten in number should be tabbed and presented in a three–ring binder. All objections to authenticity of documents must be made at or before the final pretrial conference or trial, whichever occurs first, to dispense with authenticating witnesses. In the absence of an objection, an exhibit will be deemed authenticated. All objections regarding relevance and hearsay will be raised at trial. Documents not so exchanged shall not be received into evidence except for good cause shown.

f. Within 84 days of the date of this order, parties shall indicate in their exhibit list referenced above in paragraph 3.e., any deposition they intend to use as substantive evidence. The deposition shall be served on all parties, and shall be tendered to the court at the time of trial, with relevant portions underlined or highlighted. Three copies must be presented at the time of trial; one shall be labeled "original" and the others "Bench Copy". This provision is not applicable to depositions used to refresh recollection or for impeachment.

g. Trial shall be set for one day, not less than 120 days from the date of this order.

h. Subject to further order of the Court, no discovery planning meeting or discovery plan is required, and the parties may seek discovery at any time permitted by applicable rules of procedure, as if the discovery conference provided for in Fed. R. Civ. P. 26(f) had occurred. Disclosures required by Fed. R. Civ. P. 26(a)(1) are not required.

i. Unless otherwise ordered by the Court, all memoranda prepared in anticipation of trial shall be filed and served no later than 14 days before the date of trial. An original and two copies shall be filed with the court. Briefs not timely filed may not be considered. No reply briefs shall be submitted.

4. The following four rules shall apply to all motions seeking to extend or modify any of the deadlines established in this order, or any stipulated scheduling order:

a. Requests for modification of any time limit or for setover of any trial must be by written motion, even if the parties have agreed to the request. The motion shall be supported by an affidavit stating sufficient facts demonstrating good cause, appropriate use of prior time and that the relief is being requested at the earliest practical time. The affidavit shall indicate the number of prior motions, that the moving party has consulted with opposing counsel regarding the request and whether the opposing counsel consents or objects to the motion.

b. Motions to extend time for discovery may be denied, or the time allowed limited, absent a showing that the failure to commence or complete discovery is justifiable. If the problem arises from the opposing party's failure to comply with a proper demand for discovery, the motion to extend must be accompanied by evidence of the demand, and a motion to compel discovery.

c. Requests for extension of time to complete settlement discussions will be allowed only with respect to discovery and pretrial orders. Trials will be delayed only in cases where settlement is agreed to, subject to preparation and execution of documentation.

d. In most cases only one extension will be allowed per party. If an extension is made necessary by the failure of a party to provide discovery or respond to communication from opposing counsel, the request may be credited against the offending party.